LOUIS COSTANZO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OLIVER MONACO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21045, 21046. Promulgated June 29, 1929.

*W. B. Francis, Esq.*, and *Sion B. Smith, Esq.*, for the petitioners. *Harold Allen, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

## OPINION.

ARUNDELL: Petitioners contend that the term " transferee," as used in section 280 of the Revenue Act of 1926, is limited to heirs, legatees, devisees and distributees, the four classes named in subsection (f) of section 280. The statute does not define the meaning of the word

"transferee." The language of section 280(f) was not intended, as we held in *Victor H. Levy*, 16 B. T. A. 653, to limit the meaning of the term to the classes mentioned, but was inserted to eliminate any doubt that it included those four classes.

On the dissolution of the Stellar Coal Mining Co., petitioners, as stockholders thereof, received liquidating dividends on their stock in excess of the amount of the liability the respondent has asserted against them for unpaid taxes of the dissolved corporation. The petitioners are clearly transferees of property of the Stellar Coal Mining Co. *Updike* v. *United States*, 8 Fed. (2d) 913; certiorari denied, 271 U. S. 661; *Grand Rapids National Bank*, 15 B. T. A. 1166; *E. F. Gehringer*, 16 B. T. A. 214.

The respondent concedes that collection of the deficiency asserted for unpaid taxes of the taxpayer for the year 1919 is barred by the provisions of sections 277(a)(2) and 278(d) of the Revenue Act of 1924. The question is also governed by *Russell* v. *United States*, 278 U. S. 181.

The taxpayer's return for the year 1920 was filed March 15, 1921, and the statutory period for assessment against it for taxes for that year did not expire until March 15, 1926. Section 250(d) of the Revenue Act of 1918 and section 277(a)(2) of the Revenue Act of 1924. The additional tax of $4,601.72 asserted against the taxpayer for the year 1920 was assessed January 10, 1924, a date within the five-year period allowed by the statute for assessment. The provisions of section 280(b)(1) of the Revenue Act of 1926, enacted February 26, 1926, extended the period of limitation for assessment of any liability of the petitioners, as transferees, for unpaid taxes of the taxpayer, one year after the expiration of the period of limitations for assessment against the taxpayer, or to March 15, 1927. The deficiency notices were mailed to the petitioners on September 7, 1926, a date prior to the expiration of the statutory period for assessment against them. The petitions instituting these proceedings were filed on November 4, 1926. Section 280(d) of the Revenue Act of 1926 suspends the running of the period of assessment against transferees until the decision of the Board becomes final, and for 60 days thereafter.

Section 278(d) of the Revenue Act of 1926 reads, in part, as follows:

Where the assessment of any income, excess-profits or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such taxes may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax * * *.

This section of the Act is retroactive to taxes payable under the Revenue Act of 1918, and applies to the transferees. *United States v. Updike*, 32 Fed. (2d) 1. It follows that the period within which collection may be made from the transferees has not expired.

The liability of each petitioner is $4,601.72, plus interest from February 26, 1926, at the rate of 6 per cent per annum. *Henry Cappellini et al.*, 16 B. T. A. 802.

*Judgment will be entered under Rule 50.*