DAVID T. LONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20138. Promulgated September 27, 1929.

*Elwood Hamilton, Esq.*, for the petitioner.
*Harry Leroy Jones, Esq.*, for the respondent.

588

OPINION.

Love: Upon hearing, the respondent concedes that the income of the company should be reduced by $3,225, representing depreciation upon its warehouse and equipment, as claimed by the petitioner.

The respondent further concedes that a deduction should be allowed for the loss of 1,200 tobacco baskets and he computes the said deduction as $960, representing the value of 1,200 baskets at 80 cents per basket. The evidence is that the baskets cost from $1 or $1.25 to $1.50 each, and that the cost of replacing the 1,200 baskets lost was $1,666.70, which amount is the deduction claimed herein. The replacement cost indicates a cost of approximately $1.40 per basket. We believe that, as contended by petitioner, the net income of the company for the period involved should be reduced by $1,666.70, representing the loss mentioned. See *American 3 Way Luxfer Prism Co.*, 9 B. T. A. 571.

The questions now remaining relate to the claim that the company was a personal service corporation and to the petitioner's various attacks upon the proposed assessment of the tax against him as a transferee.

We have repeatedly held that to be entitled to personal service classification, it must be shown that the income of a corporation is primarily attributable to the activities of its principal stockholders, who are themselves regularly engaged in the active conduct of the business, and in which capital is not a material income-producing factor. The limitations and requirements set forth must all exist and the failure of any one defeats the claim for such classification. *Cliver-Wright-Rainey Co.*, 2 B. T. A. 561; *Home Insurance Agency*, 5. B. T. A. 1020; *Metropolitan Business College*, 5 B. T. A. 10.

We think the evidence in this proceeding fails, in at least one particular, to satisfy the requirements above detailed. We do not believe that the income of a corporation is " primarily " ascribable to the stockholders simply because they obtain its business by solicitation, when it appears that the corporation renders to its customers expert service necessary to the marketing of the customers' product and which service is not shown to have been rendered by stockholders.

It appears that the company had the service of about 25 tobacco graders who are experts in the classification of tobacco into grades for sale. It would be unreasonable to assume that the service of these graders was not a factor influencing the farmers in bringing their crops to the company for sale. Furthermore, the petitioner sold by auction and the identity of its auctioneers is not shown.

With the exception of the petitioner, Charles McMakin, Eugene U. Wiggerton, and Kenneth Fry, it does not appear that the stockholders rendered any service to the company beyond their solicitations and their presence on sale days.

In *Patterson-Andress Co.*, 6 B. T. A. 392, 399, in speaking of the requirement that the income of a personal service corporation must

be primarily attributable to the activities of the principal stockholders, we said:

\* \* \* In our opinion this clause means more than that the stockholders shall obtain the clients and supervise the work, or that clients shall look to their experience; it means, among other things, that the corporation may not rely upon nonstockholders to do a substantial amount of the work which produces the income whether such work be detailed or supervisory. \* \* \*

We think also that capital was a material income-producing factor. The company had a valuable plant which was an important factor in the production of income and without which it could not have successfully carried on its operations. .

Upon the record we hold that petitioner has failed to establish that the income of the company was primarily ascribable to the activities of its principal stockholders. We are therefore unable to declare that the company was a personal service corporation during the taxable period involved.

Petitioner's various denials of liability as a transferee may be considered in three groups. The first of these is the contention that all liability against either the company or himself as a transferee was barred by expiration of the period of limitation when the respective assessments were made or proposed. The second contention is that he is not a transferee. As will appear further, this position is predicated upon the theory that section 280 is not retroactive and therefore has no application to the transfer of assets of a taxpayer prior to its effective date, nor to cases in which assessment against the taxpayer was made before such date. The third group may be considered as attacks upon the constitutionality of section 280. We will discuss these groups in order mentioned.

The petition alleges that the company's return for the period involved was filed " about January 14, 1921." The respondent's answer neither admits nor denies this allegation except by a general denial, and there is no proof. Assuming, however, that the date mentioned is correct, the statutory period for assessment against it of taxes for the period involved did not expire until January 14, 1926 (section 250 (d) Revenue Act of 1918, and section 277 (a), Revenue Act of 1924). The additional tax of $3,384.54 asserted against the company for the period mentioned was assessed November 19, 1925, a date within the five-year period allowed by the statute for assessment. The provisions of section 280 (b) (1) of the Revenue Act of 1926, enacted February 26, 1926, extended the period of limitation for assessment of any liability of the petitioner, as a transferee, for unpaid taxes of the company, to one year after the expiration of the period of limitation for assessment against the taxpayer, or to January 14,

1927. The deficiency notice was mailed to the petitioner on August 4, 1926, a date prior to the expiration of the statutory period for assessment against him. The petition instituting this proceeding was filed September 22, 1926. Section 280 (d) of the Revenue Act of 1926 suspends the running of the period for assessment against a transferee until the decision of the Board becomes final, and for 60 days thereafter.

Section 278 (d) of the Revenue Act of 1926 reads, in part, as follows:

Where the assessment of any income, excess-profits or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax * * *.

In *Louis Costanzo et al.*, 16 B. T. A. 1294, 1297, the Board stated:

This section of the Act is retroactive to taxes payable under the Revenue Act of 1918, and applies to the transferees. *United States* v. *Updike*, 32 Fed. (2d) 1. It follows that the period within which collection may be made from the transferees has not expired.

The last question for consideration involves the petitioner's various attacks upon the constitutionality of section 280 of the Revenue Act of 1926. In *Henry Cappellini et al.*, 14 B. T. A. 1296, we held that when a transferee has invoked the provisions of section 280 by appealing to the Board, he may not in such a proceeding question the validity of that section. On brief, the petitioner's counsel attacks that decision at great length and with considerable vigor. Regardless of whether or not the holding of the Board in the *Cappellini* case, on the question of estoppel, be sound, it is now a well-established doctrine that a transferee of the assets of a corporation, in liquidation, is liable for income taxes due by the corporation at date of dissolution to an amount not to exceed the amount he received in such distribution. It is true that several defenses might be urged in reduction of such amount, but no such defense appears in this record. Hence, we hold that petitioner is liable for the full amount of the deficiency to be recomputed in accordance with this opinion.

*Judgment will be entered under Rule 50.*