J. A. KEMP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43981. Promulgated September 17, 1930.

*Harry C. Weeks, Esq.,* for the petitioner.
*M. E. McDowell, Esq.,* for the respondent.

878

ARUNDELL: The petitioner, at the present stage of this proceeding does not question the amount of the deficiency determined by the respondent, but does question his liability for the amount determined, and to settle this the parties have submitted for decision the questions of law set out in our preliminary statement.

Petitioner's principal contention is that the respondent has not exhausted his remedies against the trustee bank and for that reason the respondent can not proceed against him at this time. His argument, in brief, is that the City National Bank is personally and primarily liable for the tax on the trust income, that its liability continues despite the termination of the trusts, and that the respondent is bound to look to the bank for the tax before he can proceed against the petitioner under section 280.

Petitioner's theory is that under section 219 of the Revenue Act of 1921 the trustee became a taxpayer and as such was personally liable for the tax. In other words, as the liability of an individual taxpayer is not limited to the property which was the source of the income taxes, so the liability of a trustee for tax arising out of trust income is not limited to the property held in trust, but extends to the trustee's individual property. We think it is unnecessary to decide whether a trustee is technically a " taxpayer " during the period that he acts in a fiduciary capacity. It certainly is not contemplated by the taxing acts that a fiduciary's liability is to extend beyond the amount of trust property while he continues to hold it and to act as a fiduciary. In fact the more recent acts specifically provide that the tax is to be collected from the estate of the taxpayer for which the fiduciary is acting. Sections 281 (a) of the Revenue Act of 1926 and 312 (a) of the Revenue Act of 1928. It is only when the fiduciary divests himself of the trust property without satisfying the obligations of the United States that a personal liability arises. Section 3467 R. S. But that liability at best is but a secondary one, and there is clearly open to respondent the right to proceed against the transferee of the trust property, and this he has done here. Whether he might have elected to proceed against the City National Bank under section 3467 of the Revised Statutes is not necessary for us to now decide.

We come to the question of whether the statute of limitations has run in favor of the petitioner. The fiduciary returns for 1922 and 1923 were filed on March 15, 1923, and March 15, 1924, respectively. The four-year period under the statute then in effect (section 250(d) of the 1921 Act), unless waived, ran against additional assessments on March 15, 1927, and March 15, 1928, respectively. No assess-

ment of additional tax was made within that period, nor was any notice of deficiency mailed. Two waivers were executed by the trustee bank and the respondent, one in 1926 extending until December 31, 1927, the period for assessment of 1921 and 1922 taxes, and the other in 1927 extending until December 31, 1928, the period for assessment of 1921, 1922, and 1923 taxes. The respondent, however, has failed to establish the authority of the bank to execute these waivers on behalf of the trusts. The trusts had been terminated more than three years prior to the execution of the first waiver and the respondent was notified of the termination when the 1923 return was filed in March, 1924. Respondent relies on section 281(a) of the Revenue Act of 1926, which provides, in substance, that upon notice to the Commissioner that any person is acting in a fiduciary capacity, such person shall assume all the rights, powers, duties and privileges of the taxpayer " until notice is given that the fiduciary capacity has terminated." Article 1292 of Regulations 69 specifies the manner in which notice of termination shall be given, and the respondent claims that the trustee has not complied with the regulations. The fact is that the trusts were terminated long prior to the enactment of the Revenue Act of 1926 and the promulgation of Regulations 69, and certainly it would be unreasonable, to say the least, to construe the Act and regulations retroactively so as to require every fiduciary, no matter how long since he has been discharged, to comply with the formalities prescribed in article 1292. As pointed out above, the respondent was given actual notice of the termination of the trusts when the 1923 return was filed. The situation then, in brief, is that more than three years after the trusts were terminated and the trustee discharged, waivers were executed by the former trustee and upon these waivers the respondent relies to collect taxes from the transferee of the trusts. In our opinion the waivers have not been shown to be valid to extend the statutory period for assessment against the transferee. Cf. *Jonathan Godfrey*, 18 B. T. A. 775. We need express no opinion as to what the situation may be in a case where the waivers were given prior to the distribution of the trust property.

As set out above, the statutory period for assessment of taxes for 1922 against the transferor expired March 15, 1927. The respondent's notice to petitioner was mailed March 7, 1929, which is more than a year after the period for assessment against the transferor expired and assessment against the petitioner is barred.

With respect to 1923 a different situation exists. The return having been filed March 15, 1924, the statutory period for assessment did not run in favor of the trustee until March 15, 1928, and as this date is subsequent to the date of enactment of the Revenue Act of

1926, the additional year provided by that act allowed the respondent until March 15, 1929, to notify the transferee of his liability. The notice was mailed March 7, 1929, and was therefore timely. *Louis Costanzo*, 16 B. T. A. 1294.

Accordingly, decision will be entered for the petitioner as to the year 1922, and the case will be restored to the general calendar for hearing on the merits as to the year 1923.

Reviewed by the Board.

> *Decision of no deficiency for the year 1922 will be entered. The proceeding, in so far as it relates to 1923, will be restored to the calendar for hearing on the merits in due course.*

---

PHILLIPS, dissenting: I dissent on the ground that as the 1923 tax had been extinguished under section 1106 (a) of the Revenue Act of 1926, there was no tax due to be collected from the transferee.

SMITH agrees with this dissent.