Estate of Leo C. Wurtzburger, Deceased, Charles L. Wurtzburger, Co-Executor v. Commissioner.
Estate of Wurtzburger v. Commissioner
Docket No. 3917-63.
United States Tax Court
T.C. Memo 1964-160; 1964 Tax Ct. Memo LEXIS 177; 23 T.C.M. (CCH) 949; T.C.M. (RIA) 64160; June 9, 1964
Eugene Greener, Jr., Dupont Bldg., Memphis, Tenn., for the petitioner. Vallie C. Brooks, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The respondent determined a deficiency in the decedent's income tax for 1959 in the amount of $3,589.45. The sole issue presented for our decision is whether the issuance of the respondent's statutory notice of deficiency was untimely. After the filing herein of the petition, answer, and reply, the petitioner filed a motion for judgment on the pleadings on the ground that the respondent is barred by the statute of limitations from the assessment of a deficiency in the decedent's income tax for 1959. The undisputed facts as disclosed by the record are as follows: Leo C. Wurtzburger died on May 25, 1959. An income tax return for 1959 was filed for Leo C. Wurtzburger, deceased, and Julia P. Wurtzburger, his surviving wife, with the director at Nashville, Tennessee, by Julia P. Wurtzburger. [1]
Charles L. Wurtzburger, sometimes hereinafter referred to as petitioner, *179 and Julia P. Wurtzburger, by letter, dated June 27, 1960, submitted to the respondent a certified copy of the letters testamentary issued by the Probate Court of Shelby County, Tennessee, empowering petitioner and Julia Wurtzburger to transact all the duties with respect to the estate of Leo C. Wurtzburger, deceased, which lawfully devolved upon them as co-executors of such estate. On October 14, 1960, by order of the Probate Court of Shelby County, Tennessee, petitioner and Julia P. Wurtzburger were discharged as co-executors of the estate of Leo C. Wurtzburger, deceased, and the estate was closed. Prior to the expiration of the 3-year period of limitations provided in section 6501(a) of the Internal Revenue Code of 1954, petitioner on November 26, 1962, as co-executor, and Julia P. Wurtzburger on November 27, 1962, executed an agreement (Form 872) pursuant to section 6501(c) of the 1954 Code purporting to extend the period of limitations on the assessment of any income tax from the estate of Leo C. Wurtzburger, deceased, and Julia P. Wurtzburger, surviving wife, for the calendar year 1959 and through October 15, 1963. On February 13, 1963, such agreement *180 was executed on behalf of respondent. On March 18, 1963, petitioner and Julia filed a document, captioned "Notice to the District Director of Internal Revenue of Fiduciary Relationship" (Form 56), wherein they gave respondent notice that they were the duly qualified and acting co-executors of the estate of Leo C. Wurtzburger and that such notice was being given with respect to the income tax liabilities of the estate for 1959. On May 27, 1963, respondent mailed duplicate original statutory notices of deficiency to petitioner and Julia determining the income tax liability of Leo C. Wurtzburger, deceased, and Julia P. Wurtzburger, his surviving wife, for 1959 in the amount of $3,589.45. Prior to the filing of the petition herein neither petitioner nor Julia gave the respondent notice of their discharge as co-executors of the estate of Leo C. Wurtzburger, deceased, pursuant to the order entered by the Probate Court of Shelby County, Tennessee, on October 14, 1960. Unless the consents signed by petitioner and Julia on November 26 and November 27, 1962, operated to extend the period of limitations on assessment pursuant to section 6501(c) of the 1954 Code, the notice of deficiency *181 mailed by respondent on May 27, 1963, was obviously untimely, having been mailed more than 3 years after decedent's 1959 income tax return was filed. Section 6501(a), supra. Respondent contends that pursuant to the operation of section 6903 of the 1954 Code, petitioner was not released from the powers, duties, and obligations of an executor until he had given the Commissioner actual notice of the termination of his fiduciary capacity and that he accordingly was authorized on November 26, 1962, to execute a consent extending the period of limitations on assessment. Petitioner claims that the consent executed by him on November 26, 1962, was invalid inasmuch as he previously had been discharged as executor by the Probate Court of Shelby County, Tennessee, and the estate of Leo. C. Wurtzburger had been closed more than 2 years prior to the execution of the consent. He contends that our decisions in J. A. Kemp, 20 B.T.A. 875, and Badger Materials, Inc., 40 T.C. 1061, support his position. Section 6903 of the 1954 Code provides: SEC. 6903. NOTICE OF FIDUCIARY RELATIONSHIP. (a) Rights and Obligations of Fiduciary. - Upon notice to the Secretary or his *182 delegate that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated. (b) Manner of Notice. - Notice under this section shall be given in accordance with regulations prescribed by the Secretary or his delegate. Petitioner seeks to avoid the application of section 6903 by his reliance upon our decision in J. A. Kemp, supra, which involved the execution of consents by the trustee of a trust estate, extending until December 31, 1927, the period of assessment of tax for 1921 and 1922, and extending until December 31, 1928, the period of assessment for 1921, 1922, and 1923. The trusts in question had been terminated more than 3 years prior to the execution of the first consent in 1926 and prior to the enactment of section 281(a) of the Revenue Act of 1926, the original predecessor to section 6903 of the 1954 Code. We there found that by the *183 filing of the 1923 income tax return during March 1924, the respondent was given actual notice of the prior termination of the trust there involved. We held that the provisions of section 281(a) of the Revenue Act of 1926 should not be applied retroactively so as to require every fiduciary, however long since discharged, to comply with the requirements of that section. We therefore concluded that since the trustee lacked the capacity to execute the consents purporting to extend the period of limitations on assessments, such consents were invalid and the respondent's notice of deficiency mailed on March 7, 1929, was untimely. Unlike the situation presented in J. A. Kemp, supra, the respondent here was not given actual notice of the executors' discharge by the local probate court. In fact, as recently as March 18, 1963, petitioner filed with the respondent a document in which be represented that he was a duly qualified and acting co-executor of the estate of Leo C. Wurtzburger, deceased. Further, we are not here faced with any question as to the possible retroactive application of section 6903 inasmuch as this section has continued in effect as a part of the 1954 Code *184 throughout all the years here pertinent. We therefore are of the opinion that our decision in J. A. Kemp, supra, is both factually and legally distinguishable from the situation presented here. In Badger Materials, Inc., supra, we held that the former officer of a dissolved corporation (which had ceased to exist for all purposes as of November 4, 1959), had no capacity on August 31, 1960, to file a petition in its behalf with this Court. We accordingly granted the taxpayer's motion to dismiss for lack of jurisdiction. Petitioner's reliance upon the Badger Materials case appears to be based on the holding contained in the original opinion, 40 T.C. 725, filed July 10, 1963, which subsequently was withdrawn by the Court and a supplemental opinion, 40 T.C. 1061, filed on September 30, 1963. In our opinion in Badger Materials, Inc., 40 T.C. 1061, holding that we had no jurisdiction over the dissolved corporate petitioner, we expressly refused to rule on the question whether the respondent's notice of deficiency was timely. Therefore, we do not regard that decision as pertinent to the question before us. In Sanborn v. Commissioner, 108 F. 2d 311, *185 affirming 39 B.T.A. 721, the taxpayer was discharged as executrix of an estate and subsequently filed an income tax return on behalf of the estate and later filed a petition on its behalf with the Board of Tax Appeals without giving notice to the Commissioner of such discharge. After the Commissioner sought to enforce transferee liability against her, the taxpayer contended that her petition filed with the Board was a nullity because of lack of jurisdiction and that the statute of limitations barred the assessment of transferee liability against her. The Court of Appeals for the Eighth Circuit sustained our decision rejecting the taxpayer's claim of lack of jurisdiction, stating as follows, at page 313: Since the executors never gave the notice required by Section 312(a) and (c) to divest themselves of the powers and duties of the taxpayer with respect to the tax, they were clothed with such powers and duties at all times during the pendency of the proceeding initiated by them before the Board and thereafter. The statute clearly provides for the continuation of the powers and duties of a fiduciary with respect to a tax until a specified notice is given. It does not *186 provide that notice of termination of fiduciary capacity contained in a petition filed with the Board shall be deemed the equivalent of statutory notice. It does not authorize the Commissioner to waive the statutory notice. His admission that a fiduciary has been discharged is not an admission that the statutory responsibility of that fiduciary with respect to a tax has been terminated. Under the interpretation placed upon section 312 of the Revenue Act of 1928 (corresponding to section 6903 of the 1954 Code) in Sanborn v. Commissioner, supra, we are of the opinion that the language of that section binds Charles L. Wurtzburger with the powers and obligations of a co-executor until such time as he provides the respondent with actual notice of his discharge as co-executor of the estate of Leo C. Wurtzburger, deceased. See Estate of Nellie L. Rhodes, 44 B.T.A. 1315; S. Rept. No. 52, 69th Cong., 1st Sess., pp. 30-31 (1926), 1939-1 C.B. (Part 2) 355. Such an application of section 6903 is in line with the provisions of the respondent's regulations thereunder which state: When the fiduciary capacity has terminated, the fiduciary, in order to be *187 relieved of any further duty or liability as such, must file with the district director with whom the notice of fiduciary relationship was filed written notice that the fiduciary capacity was terminated as to him, accompanied by satisfactory evidence of the termination of the fiduciary capacity. * * * [Proc. & Admin. Regs., sec. 301.6903-1(b).] Petitioner obviously has failed to file such notice of termination with the respondent. Accordingly by the operation of section 6903 of the 1954 Code petitioner is here estopped to deny his authority to execute the consent in question on November 26, 1962, and we consequently hold that the consent so executed was valid and operated to extend the period of limitations on assessment under section 6501(a) of the Code. The respondent's notice of deficiency mailed on May 27, 1963, therefore was timely and the respondent is not barred by the expiration of the period of limitations from the assessment of a deficiency in the decedent's income tax liability for 1959. The motion is denied. Footnotes
1. The parties on brief raise no question as to the timely filing of the 1959 return.↩