## B. F. EDWARDS, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89944. Promulgated April 7, 1939.

*Arthur E. Simpson, Esq.,* and *Lydia Lee, Esq.,* for the petitioner.
*F. B. Schlosser, Esq.,* for the respondent.

**OPINION.**

OPPER: The sole issue is whether stock sold by petitioner in 1935 was actually worthless in a prior year. To sustain his burden of proof that it was not, petitioner produced balance sheets of the corporation whose stock was involved upon which the assets are given a substantial value. The assets of a corporation may be considered in arriving at the value of its stock, *Lillian G. McEwan*, 26 B. T. A. 726, and in the absence of any different showing, the book value of those assets is some evidence of their actual value sufficient to shift the burden

of going forward to the respondent. See *Wessell* v. *United States*, 49 Fed. (2d) 137; *Commissioner* v. *Brier Hill Collieries*, 50 Fed. (2d) 777.

In this proceeding, however, it is contended that other facts indicate that the book figures have no bearing whatever upon actual value. To establish this, petitioner was asked upon cross-examination at the hearing whether two years previous to the tax year, that is in 1933, he had sold 87 shares of the same stock. He professed to be unable to answer the question and no evidence on this subject was introduced either by petitioner or by respondent. We have since, however, been referred by respondent to the Board's file in Docket No. 84634, a proceeding in which the same taxpayer was petitioner, for the true facts in this connection, and it is contended we may take what for want of a more precise term may be called judicial notice thereof.

The question thus presented has no bearing upon the weight or effect to be given to evidence appearing in the present record. Cf. *Goodell-Pratt Co.*, 6 B. T. A. 1235, 1237. It relates solely to the propriety of dispensing with any proof whatever on the ground that the formality of evidence is unnecessary. 5 Wigmore on Evidence (2d Ed.) 567. See *Goodell-Pratt Co.*, *supra*.

Matters of general knowledge may be the proper subject of our notice without the necessity of formal proof. *Manville Jenckes Co.*, 4 B. T. A. 765, 790 (inflation of basic commodities after April 1917) ; *Safe Deposit & Trust Co. of Baltimore, Executor*, 35 B. T. A. 259, 263 (existence of a general economic depression) ; *Amtorg Trading Corporation*, 25 B. T. A. 327, 333; 65 Fed. (2d) 583, 585 (early non-recognition of the Soviet Government) ; *Poinsett Mills*, 1 B. T. A. 6, 8 (prevalence of welfare work among industrial employees) ; *Woodley Petroleum Co.*, 16 B. T. A. 253, 258; *National Products Co.*, 11 B. T. A. 511, 512 (existence and contents of published Board decisions). It does not follow that the facts of a particular situation, the subject of private, rather than public knowledge, even though in some manner referred to in documents in the files of the Board, may be similarly treated. *United States* v. *Abilene & Southern Railway Co.*, 265 U. S. 274. Such material, if not part of the present record, would be beyond the scrutiny of the court on appeal. *Ohio Bell Telephone Co.* v. *Public Utilities Commission of Ohio*, 301 U. S. 292; see *Capital Traction Co.*, 27 B. T. A. 926, 928. And orderly procedure requires that the parties to a dispute here be given every opportunity to meet adversary contentions. *United States* v. *Abilene & Southern Railway Co.*, *supra*, p. 289.

*George S. Groves*, 38 B. T. A. 727, 735, may be thought to contain language laying down a broader rule. It is unnecessary here to discuss the extent to which that proceeding purported to rely upon the

contents of documents in the Board's files not formally introduced in evidence, or whether or to what extent such reliance was necessary to the conclusion there reached. Suffice it to say that, to the extent, if any, to which the *Groves* case sought to relax the requirement that evidence to be relied upon must be properly introduced and proved, it may not be said to represent the correct principle nor the one which will hereafter be applied.

There being no evidence in the record to sustain the burden of going forward which was shifted to the respondent by petitioner's case, respondent's determination must be reversed.

Reviewed by the Board.

*Decision will be entered under Rule 50.*