William Archibald Hedrick v. Commissioner.
Hedrick v. Commissioner
Docket No. 14517.
United States Tax Court
1948 Tax Ct. Memo LEXIS 119; 7 T.C.M. (CCH) 561; T.C.M. (RIA) 48146; August 12, 1948
Jeremiah F. Cross, Esq., for the petitioner. William F. Evans, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: A deficiency in income tax for the year 1942 of $574.32 is contested by petitioner. The year 1943 is also involved by reason of the Current Tax Payment Act. The sole issue now in controversy is the taxability of payments of $616.68 in each of the years, representing monthly pension checks sent petitioner by his previous employer, but which he has refused to cash. [The Facts] All of the facts have been stipulated and are so found. Petitioner's tax returns were filed with the collector for the second district of New York. Petitioner became eligible for retirement from the service of the New York Telephone *120 Company in 1941, and he was so notified on June 10 of that year. His active service was terminated, but he refused to sign application for pension payments. During 1941 $603 was sent to petitioner in payment of three months' "pre-retirement leave," which he refused to accept. Upon dispatch of a deficiency notice and petition to the Tax Court inclusion of this amount in his 1941 income was approved and affirmed on review. [Opinion] Although there is no plea of res judicata, and, in fact the prior record is not in evidence, see B. F. Edwards, 39 B.T.A. 735, it is stipulated that the present facts, involving the 1942 and 1943 payments, are identical, save an immaterial variance in amounts, with those in the earlier proceeding, except for one aspect which petitioner insists suffices to distinguish the cases. In each, petitioner received checks from his former employer, sent him by reason of a pension or retirement agreement; in each, he refused to cash them; and in each respondent contends, and petitioner denies, that he is taxable on the theory of constructive receipt. The distinction asserted is that, while a three-month "pre-retirement leave" was involved in the *121 prior case, here the payments are, apparently, confined to actual and explicit instalments under the employer's retirement agreement. We think the distinction ineffectual and the payments in controversy taxable income under the authority of the decision in the prior case, Hedrick v. Commissioner ( C.C.A., 2nd Cir.), 154 Fed. (2d) 90, certiorari denied, 329 U.S. 719, for two reasons. In the first place, there is no such divergence between the kinds of remittance in the two proceedings as to warrant an opposite result. Both were belated compensation for services rendered under an agreement between petitioner as employee, and the source of the payments, his employer. Petitioner had already ceased active work when he received the "pre-retirement" pay of the former case. Both may be properly characterized as "additional compensation for services" or "as a pension in consideration of services rendered in prior years." Frederick John Wolfe, 8 T.C. 689, 695. Both are taxable in full as compensation for services under section 22(a). Frederick John Wolfe, supra. In the second place, although the former proceeding may not be res judicata, *122 it was decided on review by reasoning so clearly applicable here that we consider ourselves bound to follow it. A quotation will at the same time show the similarity of the two proceedings and adequately phrase our reasons for sustaining the deficiency here: "We take it for granted that the petitioner could have cashed all the checks which he received and used the proceeds as he saw fit. That being so, decision should turn upon whether such a receipt of the checks which were sent to him contrary to his wishes is a constructive receipt of income by him. We think it is. The checks were sent in payment of a matured obligation of the company to pay him the retirement benefits which were a concomitant of the job he held. Although he had not fulfilled a procedural condition precedent in making application for them that requirement could be waived by the company and sending the checks was such a waiver. When they were received the petitioner was as free to cash them as he would have been had they been sent in response to his application. The amounts for which they were drawn were thus made unconditionally available to him in satisfaction of an obligation of his debtor. * * * He then constructively *123 received the proceeds of the checks whether he elected to take down the cash or not. * * *" Even if Giannini v. Commissioner ( C.C.A., 9th Cir.), 129 Fed. (2d) 638, is not distinguishable on the ground suggested in the opinion deciding the former proceeding, it seems to us clearly so for the further reason that there the taxpayer at least definitely and irrevocably renounced the payments in question, and it was found that he "had no right, title or interest therein." 42 B.T.A. 546, 555. while here it seems to be conceded that petitioner, if he so elects, may cash the checks at some time in the future. [1] This is a process of self-selection of the year of taxation which no authority of which we have knowledge, including Commissioner v. Giannini, supra, supports. On the authority of Hedrick v. Commissioner, supra, petitioner's contention on this issue must be rejected.
*124 To permit other adjustments now agreed to, Decision will be entered under Rule 50. Footnotes
1. Although petitioner adds that "If at some time in the future the petitioner were to change his mind and cash the checks, the Government would receive tax thereon within the single year," the conclusion seems open to debate. If this was constructive receipt, the tax can be collected only for the years before us. Ross v. Commissioner, ( C.C.A., 1st Cir.), 169 Fed. (2d) 483↩ (July 13, 1948).