Thelma Clark v. Commissioner.
Clark v. Commissioner
Docket No. 769-66.
United States Tax Court
T.C. Memo 1968-83; 1968 Tax Ct. Memo LEXIS 215; 27 T.C.M. (CCH) 399; T.C.M. (RIA) 68083; May 7, 1968. Filed *215 Held: The petitioner has shown that she provided more than half the support for each of her three grandchildren in 1962 and 1963. E. H. Davis, 7 S. Dearborn St., Chicago, Ill., and Edward V. Theis, 6336 Western Ave., Chicago, Ill., for the petitioner. William L. Ringuette, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined deficiencies in the petitioner's income tax of $439.54 for the taxable year 1962 and *216 $376.10 for the taxable year 1963. The sole issue for decision is whether the petitioner provided more than one-half of the total support of each of her three grandchildren in the years 1962 and 1963 within the meaning of section 152(a) of the Internal Revenue Code of 1954[1] and is therefore entitled to dependency exemptions in those years pursuant to section 151. Findings of Fact Some of the facts have been stipulated, and those facts are so found. The petitioner is an individual who resided at Naperville, Illinois, at the time the 400 petition was filed in this case. She filed her Federal income tax returns for the taxable years 1962 and 1963 with the district director of internal revenue, Chicago, Illinois. Colleen Baranowski, the petitioner's daughter, was married to Clement J. Baranowski on December 27, 1952. Three children, Clinton, Cathleen, and Caroll, were born of this marriage. On November 14, 1961, Colleen Baranowski obtained a decree of divorce from Clement J. Baranowski. At the time of the divorce, Clinton was 7 years old, Cathleen was 5, and Caroll was 1 1/2. Under *217 the terms of the divorce, Mrs. Baranowski was awarded the care, custody, education, and control of the three children, and Mr. Baranowski was given the right to visit the children weekly and remove them from her custody for 1 day each week. During the years 1962 and 1963, the three children resided with their mother at the home of the petitioner. The petitioner provided the children with lodging, food, clothing, toys, recreation, medical care, and transportation. Under the terms of the divorce decree, Mr. Baranowski was required to pay, and did pay during 1962 and 1963, $35 a week for the support of the three children and $5 per week on account of arrearages of temporary child support existing and accrued at the time of the divorce decree. The petitioner provided the balance of the support of the three children for each of such years. During part of such years, Mrs. Baranowski attended North Central College. The total direct support provided the three children during the years 1962 and 1963 was as follows: 1962
1963
Insurance premiums
$ 203.82
$ 178.20
Medical expenses
20.00
Food
2,004.00
2,004.00
Miscellaneous (clothing, gifts, fees, recreational equipment, etc.) 503.09
839.05
$2,730.91
$3,021.25
*218 The petitioner purchased her residence, in which she lived with her daughter and grandchildren during 1962 and 1963, for $24,000 in 1961. Its fair rental value, furnished as it was with $2,000 worth of furnishings during the years 1962 and 1963, was $200 per month, or $2,400 per year. The total household expenditures for the benefit of the household generally, plus the fair rental value of the residence, were as follows in such years: 1962
1963
Auto expense plus depre- ciation
$ 834.97
$ 786.94
House expenses (utilities and miscellaneous)
878.04
784.28
Fair rental value of lodging 2,400.00
2,400.00
$4,113.01
$3,971.22
Three-fifths of these expenses were allocable to the support of the three children; that is, $2,467.81 in 1962 and $2,382.73 in 1963. The total support of the three children was as follows: 1962
1963
Direct support
$2,730.91
$3,021.25
Allocable share of house- hold support 2,467.81
2,382.73
TOTAL
$5,198.72
$5,403.98
Of this total support, Mr. Baranowski provided, pursuant to the divorce decree, $2,080 in each of such years, and the petitioner provided the balance, $3,118.72 in 1962 and $3,323.98 *219 in 1963. The petitioner provided more than onehalf of the total support of each of her three grandchildren in 1962 and 1963. Opinion The question presented is whether the petitioner is entitled to dependency exemptions under section 151(a) and (e) (1) [2] for 1962 and 1963 for her three grandchildren. The respondent's sole argument is that the petitioner did not satisfy the support test of section 152(a), in that she failed to show that her contributions to the support of her grandchildren exceeded one-half of the total support provided them. The respondent does not seriously dispute that the petitioner made the expenditures claimed; nor does he dispute the allocation of 401 threefifths of the general household expenses to the support of the children; nor does he dispute the propriety of allocating one-third of the total support, and one-third of the support furnished by the petitioner, to each of the children. See Estela De La Garza, 46 T.C. 446 (1966), affd. per curiam 378 F. 2d 32 (C.A. 5, 1967); Rev Rul. 64-222, 1964-2 C.B. 47. *220 The respondent's sole argument is that the petitioner has failed to show adequately the total support provided the children. Specifically, he contends that the petitioner has failed to show that Mrs. Baranowski did not furnish some support to the children, that Mr. Baranowski did not furnish them support in addition to the payments that he was required to make under the divorce decree, and that the children did not provide any of their own support. Although the record is not as free from doubt as it might have been, the weight of the evidence presented at this hearing supports the conclusion that the children did not receive any support other than Mr. Baranowski's court-ordered payments and the petitioner's contributions. In Clement J. Baranowski, docket No. 5538-65, also decided today, Mr. Baranowski claimed dependency exemptions for the three children for the years 1962 and 1963. In that case, we found that in addition to the court-ordered support payments, Mr. Baranowski made additional expenditures in 1962 and 1963 on the children's behalf totaling $450 each year. However, that evidence has not been made a part of the record in this case; nor have the cases been consolidated; *221 nor has the record in the Baranowski case been offered in this case. Consequently, our findings in this case are made without regard to that evidence, since the petitioner had no opportunity to rebut it or to cross examine the witness in the Baranowski case. Funk v. Commissioner, 163 F. 2d 796 (C.A. 3, 1947), revg. 7 T.C. 890 (1946); Badger Materials, Inc., 40 T.C. 1061 (1963); B. F. Edwards, 39 B.T.A. 735 (1939). In any event, the anomaly is immaterial for if $450 were added to the total support as found in this case and to Mr. Baranowski's contributions, the petitioner would still have contributed over half the support of the three children. Because we have found that in 1962 and 1963 the petitioner provided over half the support of each of her three grandchildren and because the respondent does not dispute that the petitioner is otherwise within the requirements of the statute, she is entitled to her claimed dependency exemptions for 1962 and 1963. Decision will be entered for the petitioner. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose income gross for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.↩