Clement J. Baranowski v. Commissioner.
Baranowski v. Commissioner
Docket No. 5538-65.
United States Tax Court
T.C. Memo 1968-82; 1968 Tax Ct. Memo LEXIS 214; 27 T.C.M. (CCH) 397; T.C.M. (RIA) 68082; May 7, 1968. Filed. *214 Held: The petitioner has failed to prove that he provided more than one-half of the support for his three minor children in 1962 and 1963. Walter J. Lynwood, 7045 W. North Ave., Oak Park, Ill., for the petitioner. William L. Ringuette, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined deficiencies in the petitioner's income tax of *215 $396.00 for the year 1962 and $320.44 for the year 1963. The only issue presented for decision in this case is whether the petitioner provided more than one-half of the support for his three minor children in 1962 and 1963 within the meaning of section 152(a) of the Internal Revenue Code of 1954, [1] and is therefore entitled to dependency exemptions for his children in those years under section 151. Findings of Fact Some of the facts have been stipulated, and those facts are so found. The petitioner resided at Downers Grove, Illinois, at the time the petition was filed in this case. He filed his Federal income tax returns for the years 1962 and 1963 with the district director of internal revenue, Chicago, Illinois. During such years, he was employed as a techer in the Chicago school system. The petitioner married Colleen Clark on December 27, 1952. Three children, Clinton, Cathleen, and Caroll, were born of this marriage. By order of the Circuit Court of Cook County, Illinois, Colleen Baranowski obtained a decree of divorce from the petitioner on November 14, 1961. At the time *216 of the divorce, Clinton was 7 years old, Cathleen was 5, and Caroll was 1 i/2. Under the terms of the divorce, Mrs. Baranowski was awarded the care, custody, education, and control of the three children, and the petitioner was given the right to visit the children and remove them from her custody for 1 day each week. The divorce decree ordered the petitioner to pay Mrs. Baranowski $35 per week as child support, and to pay an additional sum of $5 per week to apply on any arrearage of temporary child support existing and accrued at the time of the divorce. 398 During 1962 and 1963, the three children resided with Mrs. Baranowski at the home of her mother, Thelma Clark, in Naperville, Illinois. The petitioner saw his children every weekend during 1962 and 1963, but never went in the Clark house and did not know how many rooms it had or where his children slept. Pursuant to the divorce decree, the petitioner paid Mrs. Baranowski $1,820 during each of the years 1962 and 1963 as child support and $260 each year for arrearage of temporary child support. Payments were made by check or money order given to the children to give to their mother; the petitioner had no direct communication *217 with her. In addition to the support payments, the petitioner expended $300 during each of such years for expenses of the three children during their weekly visits with him, and another $150 each year for Christmas and birthday gifts for them. On his Federal income tax returns for 1962 and 1963, the petitioner claimed deductions for dependency exemptions for each of the three children. These deductions were disallowed by the respondent. Opinion The sole issue for decision is whether the petitioner is entitled to dependency exemptions under section 151(a) and (e)(1) [2] for Clinton, Cathleen, and Caroll in 1962 and 1963. The answer rests on a determination whether more than half of the total support for each child was received from the petitioner, so that the children qualify as "dependents" under section 152(a)(1). [3]
*218 To prevail in this case, the petitioner has the burden of proving not only his own expenditures on account of the support of each of the children claimed as dependents, but also that this amount exceeded one-half of the total support provided each child. Aaron F. Vance, 36 T.C. 547 (1961); Bernard C. Rivers, 33 T.C. 935 (1960). Although the petitioner need not conclusively prove the total cost of each child's support, he must at least provide us with some kind of convincing evidence that the amount he provided exceeded one-half of that support. James E. Stafford, 45 T.C. 515 (1966); Theodore Milgroom, 31 T.C. 1256 (1959); Russell W. Boettiger, 31 T.C. 477 (1958); E. R. Cobb, Sr., 28 T.C. 595 (1957). Cf. Commissioner v. Mendel, 351 F. 2d 580 (C.A. 4, 1965), revg. 41 T.C. 32 (1963). We are, however, presented with no such evidence. The petitioner introduced evidence purporting to show that in 1956, 1957, and 1958, prior to the divorce in 1961, the total cost of support of petitioner, Mrs. Baranowski, and the children was between $2,000 and $3,000 each year. From this he argues *219 that the cost of supporting the three children in 1962 and 1963 could not have exceeded $3,200 in each year, because their standard of living had not changed from that enjoyed prior to 1959, and because their mother was basically frugal. We cannot accept this conclusion for several reasons. First, the circumstances changed greatly between the years which the petitioner used for his prediction and 1962-1963. In 1958, for example, Clinton was 4 years old, Cathleen was 2, and Caroll was not born, but in 1963, their respective ages were 9, 7, and 3 1/2 years. It seems clear that, even if we were to assume that the children's "standard of living" was not different in the years in issue from that in the years offered for comparison, the nature of their requirements must have changed greatly, so that there is no useful relationship between the amounts required or used for support in the earlier and later years. Moreover, we cannot find that the children's standard of living did not change after the divorce. The record indicates clearly that there was virtually no communication between the petitioner and his former wife after the divorce, that he had 399 little idea of the circumstances *220 in which the children lived, and that he had no idea of the actual amounts expended for the children's support. In view of these facts, we can give no weight to the petitioner's unsupported and unexplained testimony that the children's standard of living in 1962 and 1963 was no different from what it had been in the years before the divorce. The petitioner also takes the position that he was legally obligated to support the children and that Mrs. Baranowski never took any action to have his payments for their support increased. Therefore, he argues that such payments must have been adequate for the support of the children. However, we are unwilling to draw such inference from her failure to request more support from him. She may have been motivated by a number of reasons, including perhaps a desire to support the children herself or obtain funds from other sources, uncertainty as to whether the petitioner was able to furnish more support, or a reluctance to engage in further litigation to secure more support. Thus, we think that her failure to act does not warrant the inference that his payments were sufficient to support the children. Since the petitioner has failed to prove the *221 amount of the total support of the children and has failed to furnish any evidence from which we could properly infersuch amount or from which we could find that he provided more than half of the support of the children, we hold that he has failed to prove that he is entitled to the dependency exemptions for the children for 1962 and 1963. This decision is based solely on the evidence of record in this case. The decision does not at all depend upon the record in Thelma Clark, docket No. 769-66, which involved a claim of Mrs. Baranowski's mother for the dependency exemptions for the same children for the years 1962 and 1963, and which was decided today. Although the two cases were listed on the same trial calendar and were heard during the same session of this Court, no motion was made by any party to either proceeding to consolidate the two cases for any purpose, nor were any steps taken to place in evidence in either case the record in the other, nor were we asked in either case to take notice of the other. Since the petitioner in this case had no opportunity to rebut the evidence submitted in the Clark case and no opportunity to cross examine the witnesses in that case, the findings *222 in this case have been made without relying on the evidence in the Clark case, and the legal conclusions have been reached without regard to the evidence in the Clark case. Funk v. Commissioner, 163 F. 2d 796 (C.A. 3, 1947), revg. 7 T.C. 890 (1946); Badger Materials, Inc., 40 T.C. 1061, 1062-1063 (1963); B. F. Edwards, 39 B.T.A. 735 (1939). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩
2. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. ↩
3. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either.↩