JOHN B. FERENC and VELMA B. FERENC, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferenc v. Commissioner
Docket No. 6609-71.
United States Tax Court
T.C. Memo 1974-30; 1974 Tax Ct. Memo LEXIS 290; 33 T.C.M. (CCH) 136; T.C.M. (RIA) 74030; January 31, 1974, Filed. *290 Held, absent an agreement between debtor and creditor as to application thereof, partial payment on a note which included both unpaid principal of a loan and accrued interest thereon must be applied first to payment of the accrued interest, with the excess being applied to principal. Isaac S. Willson, for the petitioners.
Thomas M. Ingoldsby, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION
DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for 1968 in the amount of $7,544.75. 2 The only issue for decision is whether petitioners are entitled to an interest deduction in the amount of $25,522, which was claimed on their return and disallowed by respondent in the notice of deficiency. *291 [1]
FINDINGS OF FACT
Petitioners are husband and wife, and they resided in the State of Colorado at the time the petition in this case was filed. They filed their joint income tax return for the year 1968 with the district director of internal revenue at Denver, Colorado. Petitioners reported their income on the cash basis.
Between 1958 and April 3, 1967, petitioners periodically borrowed money from G. Dudley Green, using real estate near the city of Denver which they had acquired in 1957 as security for the loans. As of April 3, 1967, the unpaid principal due on these loans was $74,648.37 and unpaid interest accrued thereon totaled $58,372. Green sued petitioners to recover the indebtedness. In an out-of-court settlement, petitioners 3 agreed to repay the loans and accrued interest *292 plus a small amount of miscellaneous expenses. Petitioners executed a note payable to Green, dated April 3, 1967, in the amount of $133,270 covering the above, which note bore interest at the rate of 7 percent per annum. A deed of trust on the aforesaid real estate owned by petitioners was given to Green as security for the note. Under an agreement executed by Green and petitioners Green agreed that in the event petitioners sold a portion of the south half of Tract One, and particularly the southeast corner, he would give a partial release of that portion from the deed of trust upon payment of $80,000 from petitioners; also he agreed to give a partial release of the deed of trust should petitioners obtain a reasonable offer for any other portion of the property described therein, provided petitioners paid the full amount of the note with interest as provided therein.
Petitioners sold a portion of the property in June of 1967 for $79,000 and paid Green $75,000 from the proceeds of the sale. The $75,000 payment included $1,710.11 of interest that had accrued between the date of execution of the note and the date of payment.
In July 1968 petitioners sold the remainder of the property *293 and paid Green $64,528.59 from the proceeds of the sale in full satisfaction of the note. This payment included 4 $4,548.48 of interest that had accrued between July 1967 and July 1968.
Neither the note nor the agreement between Green and petitioners provided how payments made on the note were to be allocated between principal and the accrued interest covered by this note, nor was there any understanding with respect thereto. Petitioners and Green never discussed how the payments were to be allocated.
Petitioners claimed $34,560.11 of the $75,000 payment to Green in 1967 as a deduction for interest on their 1967 income tax return. The amount claimed was calculated by taking the ratio of the amount of accrued interest, $58,372, to the face amount of the note, $133,270, and applying that ratio to the $75,000 payment to arrive at a figure of $32,850 for interest. [2] To this was added the current interest of $1,710.11 to arrive at the interest deduction claimed on the return.
Petitioners claimed $30,070.48 of the *294 $64,528.59 payment made to Green in July 1968 as a deduction for interest on their 1968 income tax return. This amount was intended 5 to include the balance of the accrued interest not deducted on the 1967 return, in the amount of $25,522, plus the $4,548.48 current interest accrued between July 1967 and July 1968.
In his notice of deficiency for 1968, respondent disallowed $25,522 of the claimed interest deduction, allowing only the $4,548.48 of current interest for the stated reason that it had not been established that any amount in excess of the $4,548.48 represented interest which was deductible in 1968.
OPINION
Respondent contends that in the absence of any agreement with regard to the allocation of payments on the note between principal and interest, the $75,000 payment to Green in 1967 must be applied first to interest and any balance to principal. Since the $75,000 exceeded the $58,372 of accrued interest covered by the note plus the current interest, the entire amount of the accrued interest must be considered paid in 1967, leaving only the amount of the current interest as deductible interest paid in 1968. [3]
*295 6 Section 163(a) of the Internal Revenue Code of 1954 allows a deduction for all interest paid or accrued within the taxable year on indebtedness. The question we must answer is whether any part of the payment made to Green by petitioners in 1968 can be considered as a payment of part of the accrued interest covered by the note.
It is well established that a voluntary partial payment on indebtedness, made without any designation by the debtor as either principal or interest and in the absence of any agreement in this respect between the debtor and creditor, is to be applied first to interest and then to principal. George R. Newhouse, 59 T.C. 783. This principle was first enunciated by the Supreme Court in Story v. Livingston, 38 U.S. 359 (1839), and has been recognized and applied by this Court in numerous cases, including Motel Corp., 54 T.C. 1433; Estate of Paul M. Bowen, 2 T.C. 1, and Theodore R. Plunkett, 41 B.T.A. 700, affirmed, without discussion of this issue, 118 F.2d 644. The Bowen and Plunkett cases are factually similar to this case, and we held in both cases that *296 the payments were to be applied first to interest and then to principal. 7 Petitioners acknowledge the general rule but argue that the rule does not apply when from the circumstances it may reasonably be inferred that the parties did not intend the payments to be first applied to interest, citing George S. Groves, 38 B.T.A. 727, limited in another respect by B. F. Edwards, 39 B.T.A. 735. This argument does not help petitioners, however, because there is no evidence that the parties did not intend the 1967 payment to be allocated first to interest. The testimony of both petitioners and Green indicate that the matter of allocation of the payments was never discussed or considered by them. The note and the written agreement make no provision therefor. The accountant who prepared petitioners' returns testified that he just assumed that an allocation should be made because only a part of the property securing the note had been sold. The testimony of Green and the revenue agent who audited the returns of both petitioner and Green for the years 1967 and 1968 suggest that on his 1967 return Green probably allocated most of the 1967 payment to principal *297 but agreed to a change in the allocation after the audit; at least Green's allocation of the payment was not consistent with petitioner's allocation.
The payments made by petitioners to Green were voluntary and the entire indebtedness was paid. This is unlike the circumstances in George R. Newhouse, supra, where the payment 8 was received as a result of an involuntary foreclosure of a mortgage and did not even equal the principal of the indebtedness.
We can sympathize with petitioners who argue that it is inequitable to force them to take a deduction for the full amount of the accrued interest in one year leaving them no deduction for the next year, but the law is too well established to make an exception in this case on the basis of equity. Petitioners could have avoided this result very easily had they made an agreement with Green with respect to allocation of the payment, but this they failed to do. Hopefully petitioners can take advantage of at least a part of the additional deduction for interest that would be allowable to them in 1967 under the conclusion reached here. We conclude that the payment made by petitioners to Green in 1967 must first have been *298 applied to interest, and having been in excess of the total indebtedness for interest, none of petitioners' payment to Green in 1968 was allocable to accrued interest, and respondent's determination must be sustained.
Decision will be entered for the respondent. Footnotes
1. In their petition petitioners claimed error in respondent's failure to allow a deduction for property taxes in the amount of $4,824.39. No such deduction was claimed on petitioners' return and no mention of this error was made in the opening statement of counsel for petitioners, during the course of the trial, nor in the briefs, so we consider this allegation of error to have been waived. ↩
2. There is some confusion in the record as to just how the interest deduction was computed, but it makes no difference in the light of our conclusion herein. ↩
3. There is no evidence of how the $4,548.48 of current interest paid in 1968 was computed. By calculation, it would appear to be 7 percent interest for 13 months on the balance due on the note after the $75,000 payment made in 1967 ($75,000 less $1,710.11 current interest left $73,289.89 to be applied on the face of the note, leaving a balance due of $59,980.11). Unless the 1967 payment was first applied to payment of the accrued interest in full, the current interest paid in 1968 included interest paid on accrued interest. ↩