*Decision will be entered under Rule 50.*

BADGER MATERIALS, INC., ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 88818, 89942–89947, 94219.   Filed September 30, 1963.

*W. Wade Boardman, Thomas Ragatz,* and *Charles E. Prieve,* for the petitioners.

*W. B. Riley,* for the respondent.

### SUPPLEMENTAL OPINION

DAWSON, *Judge:* On September 27, 1963, this Court granted the following motions filed by the respondent (and not objected to by the petitioners) in these proceedings:

1. Motions to Vacate Decisions [Orders] entered on July 30, 1963.

2. Motion to Withdraw and Modify Opinion (40 T.C. 725) filed on July 10, 1963.

3. Motion for Reconsideration.

In addition, the Court also granted the Motion to Withdraw Motion to Dismiss for Lack of Jurisdiction filed by counsel for Arthur Overgaard, Transferee, in Docket No. 94219.   Since this motion has been granted, it has become unnecessary for us to consider whether the notice of transferee liability mailed to Overgaard on June 15, 1961, was untimely because such issue is no longer before us.   Therefore, all parts of the prior opinion relating to Overgaard are withdrawn.

The proceeding in Badger Materials, Inc., Docket No. 88818, was before the Court on the petitioner's motion to dismiss for lack of jurisdiction based on two grounds: (1) That Badger Materials, Inc., had no legal existence at the time of filing the petition herein since no person had the requisite capacity at that time to act on behalf of

---

[1] Proceedings of the following petitioners are consolidated herewith: Stanley Mashuda, Docket No. 89942 ; Bernie Mashuda, Docket No. 89943 ; Frank Mashuda, Docket No. 89944 ; Josephine Mashuda, Docket No. 89945 ; H. M. Nelson, Docket No. 89946 ; J. A. Gallagher, Docket No. 89947 ; and Arthur Overgaard, Docket No. 94219.

the dissolved corporation; and (2) that the statutory notice of deficiency was mailed after the applicable period for assessment against the corporate petitioner had expired. We have found that Badger Materials, Inc., ceased to exist for all purposes under Wisconsin law [2] on November 4, 1959, which was 2 years after the date of its dissolution.

It is clear from our opinion in *Wheeler's Peachtree Pharmacy, Inc.*, 35 T.C. 177 (1960), acq. 1961-2 C.B. 5, that the consents (Form 872) executed by J. A. Gallagher as "Treasurer at Date of Liquidation" did not constitute a "suit or other proceeding" commenced within 2 years after November 4, 1957. As pointed out in our prior opinion herein (40 T.C. at 732), we likewise do not regard the filing of an application for tentative carryback adjustment or the issuance of an informal conference letter as a "suit or other proceeding" within the purview of the Wisconsin statute. It then follows that no person had the capacity on August 31, 1960, to file the petition in Docket No. 88818 on behalf of the corporate petitioner. Accordingly, we hold that this Court does not have jurisdiction over Badger Materials, Inc. In so holding with respect to the jurisdictional matter, we need not determine whether the statutory notice of deficiency sent to the corporate petitioner was untimely and the assessment of the deficiencies barred by the statute of limitations. Thus, we also withdraw that part of our prior opinion which deals with the statute of limitations issue as to the corporate petitioner.

Finally, on our own motion (40 T.C. at 735) we determined that the notices of transferee liability mailed to the other six transferees were untimely as to the taxable year ended October 31, 1955, and, therefore, dismissed such petitioners for lack of jurisdiction as to that year.

---

[2] The length of time a corporation continues to exist as a body corporate depends upon the law of the State where the corporation was created. *Title Co.* v. *Wilcox Bldg. Corp.*, 302 U.S. 120 (1937). Wisconsin statutes provide for what has been termed a "two-phase" dissolution procedure. Under Wis. Stat. Ann. (1955), sections 180.755 and 180.757, a corporation files and records a statement of intent to dissolve and then proceeds to collect its assets, convey and dispose of such properties not distributable in kind, discharge its liabilities, do all other acts required to liquidate its business and affairs, and distribute the remainder of its assets among its shareholders. After the liquidation has been completed, the corporation files and records its articles of dissolution. Section 180.767 provides that "thereupon the existence of the corporation shall cease, except for the purpose of suits, other proceedings and appropriate corporate action of shareholders, directors and officers as provided in this chapter." Further provisions of chapter 180 relating to suits, proceedings, and appropriate corporate action are found in section 180.787.

"Survival of remedy after dissolution

"The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing or any liability incurred, prior to such dissolution if suit or other proceeding thereon is commenced within 2 years after the date of such dissolution. Any such suit or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim. If such corporation was dissolved by the expiration of its period of duration, such corporation may amend its articles of incorporation at any time during such period of 2 years so as to extend its period of duration."

This was erroneous because an issue based on the statute of limitations is a defense in bar and not a plea to the jurisdiction of this Court. When such a defense in bar is properly raised, we must pass upon the merits of the issue after receiving evidence with respect thereto and not dismiss for lack of jurisdiction. See *United Business Corporation of America*, 19 B.T.A. 809, 831–832 (1930), affd. 62 F. 2d 754 (C.A. 2, 1933), certiorari denied 290 U.S. 635 (1933); *Arlington F. Brown*, 24 T.C. 256, 264 (1955); and *Rice* v. *Commissioner*, 295 F. 2d 239 (C.A. 5, 1961), affirming per curiam a Memorandum Opinion of this Court. Here the transferees, other than Overgaard, did not affirmatively raise by motion the statute of limitations question or present any evidence at the hearing. And we are not at liberty to use the record on the motions originally filed by Overgaard and Badger Materials, Inc., to determine the statute of limitations issue as it relates to the other transferees. Cf. *B. F. Edwards*, 39 B.T.A. 735 (1939); and *Funk* v. *Commissioner*, 163 F. 2d 796 (C.A. 3, 1947). Consequently, the last paragraph of our prior opinion is withdrawn and the decisions (orders) entered with respect to the transferees are vacated.

A new order granting the corporate petitioner's motion to dismiss for lack of jurisdiction will be entered and the proceeding dismissed.