**REVEILLE TOOL & SUPPLY, INC., Appellant,**

**v.**

**The STATE of Texas, et al., Appellees.**

**No. 3-87-263-CV.**

Court of Appeals of Texas, Austin.

Aug. 10, 1988.

Steven D. Strickland, Baker, Brown, Sharman & Parker, Houston, for appellant.

Jim Mattox, Atty. Gen., Marvin E. Prevost, Asst. Atty. Gen., Austin, for appellees.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Appellees, the State of Texas, certain municipalities, and the Houston Metropolitan Rapid Transit Authority sued appellant Reveille Tool & Supply, Inc., in the district court of Travis County to recover taxes, penalties, and interest pursuant to the Limited Sales, Excise and Use Tax Act and the Local Sales and Use Tax Act. After a bench trial, the district court rendered judgment that appellees recover $638,040.98. This Court will affirm the judgment.

The controlling facts are as follows. In November 1982, the Comptroller issued a

"Notice of Jeopardy Determination" for sales tax liability against appellant. During the same month, appellant requested of the Comptroller a redetermination of the deficiency determination. Pursuant to appellant's request, the Comptroller modified the original deficiency determination. The Comptroller's order modifying the original deficiency determination became final on September 5, 1984, and the tax became due and payable twenty days later on September 25, 1984. Appellees filed suit to recover the taxes on January 31, 1986.

In the interim, in December 1982, appellant filed articles of dissolution with the Secretary of State.

Appellant's argument is that Tex.Bus. Corp.Act Ann. art. 7.12 (1980) barred appellees' suit for taxes because appellees filed suit more than three years from the date of appellant's dissolution. 1955 Tex.Gen. Laws, ch. 64, § 7.12 at 294 [Tex.Bus. Corp.Act Ann. art. 7.12, since amended]. Appellant points out, correctly, that it was dissolved in December 1982, and that the Comptroller filed suit in district court for recovery of the taxes on January 31, 1986.

Article 7.12 provided (prior to amendment), among other things, that the dissolution of a corporation does not impair any claim existing against the corporation provided that the "action or other proceeding" therein was commenced within three years after the date of such dissolution.[1]

Appellees defend the judgment asserting that the phrase "action or other proceeding" includes an administrative proceeding. Accordingly, appellees suggest that their claim against appellant for taxes was not barred because the request for redetermination of the deficiency determination was filed with the Comptroller well within three years after the date of dissolution. This Court agrees.

Article 7.12 contains no requirement that corporate liability survives after dissolution only if such liability has been asserted in a lawsuit in court within the three-year period. To the contrary, the broad phrase, "action or other proceeding" plainly demonstrates that there is more than one way of asserting corporate liability to preserve such liability after dissolution. *See Midland Fin. Corp. v. Wis. Dept. of Revenue,* 116 Wis.2d 40, 341 N.W.2d 397, 406 (1983). Stated differently, this Court is of the view that administrative proceedings are included within the phrase, "action or other proceeding."

The judgment is affirmed.

---

1. The pertinent language of art. 7.12 (prior to amendment) was as follows:

   The dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation ... for any right or claim existing, or any liability incurred, prior to such dissolution if *action or other proceeding* thereon is commenced within three years after the date of such dissolution. (emphasis supplied).