COLUMBIA BUILDING, LTD., THOMAS S. BRODIE,
A PARTNER OTHER THAN THE TAX MATTERS
PARTNER, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE,
RESPONDENT

Docket No. 20549-88.        Filed May 14, 1992.

*Bruce I. Hochman, Martin N. Gelfand,* and *Charles P. Rettig,* for petitioner.

*Ray Siderius,* for participating partners.

*Alan S. Kline* and *William A. Heard III,* for respondent.

## OPINION

NIMS, *Chief Judge:* This matter is before the Court on a joint motion by Thomas S. Brodie, a partner other than the tax matters partner, 30 participating partners, and respondent to vacate an order denying the participating partners' motion for summary judgment. (All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.)

Columbia Building, Ltd. (Columbia or the partnership), is a California limited partnership subject to the unified audit and

litigation procedures for partnership items under sections 6221-6233. During 1984, Columbia's sole general partner was Marlin Industries, Inc. (Marlin), a California corporation.

On January 15, 1987, Marlin filed a petition in bankruptcy. On April 12, 1988, respondent mailed a single notice of final partnership administrative adjustment (FPAA) addressed to Marlin as the tax matters partner (TMP) of Columbia. Respondent did not mail a "generic" FPAA to the partnership. See *Seneca, Ltd. v. Commissioner,* 92 T.C. 363 (1989), affd. without published opinion 899 F.2d 1225 (9th Cir. 1990); *Chomp Associates v. Commissioner,* 91 T.C. 1069 (1988). Nor had respondent selected a TMP to succeed Marlin at the time the FPAA was mailed to Marlin or anyone else.

On May 16, 1988, respondent mailed a copy of the FPAA to Thomas Brodie (petitioner), a notice partner of Columbia. On August 8, 1988, petitioner filed the petition herein for readjustment as a partner other than the tax matters partner of Columbia.

On November 2, 1988, 30 of Columbia's partners (participating partners) filed a notice of election to participate, pursuant to Rule 245(b). On that same date, the participating partners filed an amendment to petition pursuant to Rule 245(e). The amendment alleges, among other things, that—

The administrative adjustment is barred by the statute of limitations in that COLUMBIA BUILDING, LTD. timely filed its 1984 tax return according to law. Under Code Section 6229(a), the period for assessing any tax with respect to a person which is attributable to a partnership item for 1984 expired on April 15, 1988. Any suspension of this three year period under Code Section 6229(d) is not applicable because the bankruptcy filing by Marlin Industries, Inc. on January 15, 1987 terminated the designation of Marlin Industries, Inc. as Tax Matters Partner under Code Section 6231(c)(1)(E) and Regulations Sections 301.6231(c)-7T(a) and 301.6231(a)(7)-1T(l)(4). The Secretary had not for 1984 designated any Tax Matters Partner in accord with Code Section 6231(a)(7)(B); accordingly the suspension of the three year period was inapplicable and any assessment of tax is barred by Code Section 6229.

Section 301.6231(a)(7)-1T(l)(4), Temporary Proceed. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987), provides:

(l) *Termination of designation.* A designation of a tax matters partner for a taxable year under this section shall remain in effect until—

\* \* \* \* \* \* \*

(4) The partnership items of the tax matters partner become nonpartnership items under section 6231(c) (relating to special enforcement areas), * * *

Section 301.6231(c)-7T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), provides:

(a) *Bankruptcy.* The treatment of items as partnership items with respect to a partner named as a debtor in a bankruptcy proceeding will interfere with the effective and efficient enforcement of the internal revenue laws. Accordingly, partnership items of such a partner arising in any partnership taxable year ending on or before the last day of the latest taxable year of the partner with respect to which the United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items as of the date the petition naming the partner as debtor is filed in bankruptcy.

Thus, the amendment to petition includes allegations that (1) due to Marlin's bankruptcy, Marlin had been terminated as the TMP of Columbia at the time of the mailing of the original FPAA; and (2) the FPAA mailed to Marlin was not effective to suspend the running of the period of limitations under section 6229(d), and therefore the period of limitations expired on April 15, 1988 (which was prior to the time respondent mailed the FPAA to Columbia's notice partners).

Subsequent to amending their petition, the participating partners served upon respondent, pursuant to Rule 90, detailed and carefully documented "requests to respondent for admission of facts and genuineness of documents". The original of the requests was duly filed with the Court in accordance with Rule 90(b).

Among the facts and documents the genuineness of which respondent was requested to admit were the following:

14. On April 15, 1987 Mr. Phil Lurie, a certified public accountant who was an employee in the law office of Thomas Henry Coleman filed with the Internal Revenue Service form 2758, "Application for Extension of Time To File" requesting until October 15, 1987 for the filing of the 1986 Columbia partnership return stating as one of the reasons why the extension was requested: "Company is in receivership and has filed a Chapter 11 bankruptcy."

15. A true and correct copy of the application described in the preceding request is attached as Exhibit A.

16. On May 1, 1987 Mr. Lurie, on behalf of Mr. Coleman as trustee wrote the three-page letter dated May 1, 1987 (attached as Exhibit B) to Mr. D.G. Artis, Department of the Treasury, 3660 Wilshire Blvd., Room 400, Los Angeles, California 90010.

17. Exhibit B is a true and correct copy of the letter described in the preceding request and it was received by the Department of the Treasury within a few days of the date of mailing.

18. The letter described in the preceding two requests advised Mr. Artis that both Columbia and Marlin were in bankruptcy proceedings and advised him of their respective taxpayer identification numbers, the bankruptcy filing numbers and the date of filing of the bankruptcy petitions.

\* \* \* \* \* \* \*

30. On June 9, 1988 John Molitor, CPA and representative of participating parties [sic] Steve and Nannette Danielson, wrote to the Kansas City, Missouri IRS office inquiring about the status of Tax Matters Partner for Columbia.

31. Exhibit D is a true and genuine copy of the letter to IRS Kansas City office from Molitor described in the preceding request.

32. On October 6, 1988 the IRS Kansas City office mailed to Steve and Nannette Danielson a memo reply to Mr. Molitor's letter advising them that "Marlin Industries even though it is bankrupt, is still the Tax Matters Partner".

\* \* \* \* \* \* \*

34. Participating parties [sic] J. George Harris and Sondra G. Harris wrote to the IRS Kansas City office inquiring about the status of Tax Matters Partner for Columbia.

35. On July 26, 1988 the IRS Kansas City office mailed to Mr. Harris a memo reply to the letter described in the preceding two requests advising them that "there is no Tax Matters Partner. The Partnership had a Tax Matters Partner but the partnership went bankrupt, therefore no Tax Matters Partner had been appointed."

\* \* \* \* \* \* \*

37. On July 8, 1988 participating party [sic] James Hermann, Jr. wrote to the IRS Kansas City office inquiring about the status of Tax Matters Partner for Columbia.

38. On July 27, 1988 the IRS Kansas City office mailed to Mr. Hermann a memo reply to the letter described in the preceding two requests advising him in part as follows: "The information we have available at this time is no Tax Matters person has been assigned. Therefore, no action has been taken by the partnership. We are advising that the individual take any action they feel necessary."

Respondent has never responded to petitioners' requests. Consequently, each matter contained therein is deemed admitted. Rule 90(c). In none of her subsequent filings with the Court has respondent denied knowledge of Marlin's bankruptcy at the time the FPAAs were mailed to Marlin and petitioner, respectively.

As previously stated, the participating partners filed a motion for summary judgment in their favor on all issues, to

which respondent filed a notice of objection. On September 8, 1989, we denied the participating partners' motion for summary judgment. Upon consideration of the joint motion to vacate, we now consider the participating partners' prior motion to have been improvidently denied, and the order denying the motion will be vacated by an appropriate order.

In their joint motion to vacate order, petitioner, respondent, and the 30 participating partners all agree that "the statute of limitations for assessment has expired because no FPAA was sent to the TMP of Columbia Building, Ltd. suspending the statute of limitations under I.R.C. section 6229(d) before the period for assessment under I.R.C. section 6229(a) had expired." In light of the parties' agreement, we are not now required to inquire further into the efficacy of the FPAA, except to note that the FPAA was sufficient to provide "minimal notice" to the partners of the partnership adjustments, see *Triangle Investors, Ltd. Partnership v. Commissioner,* 95 T.C. 610 (1990), and this case is being decided on the basis of its own facts. A different scenario might very well lead to a different result. For example, we express no opinion as to what conclusion we might reach in the situation where respondent proceeds unaware of a putative TMP's bankruptcy without, however, also mailing a generic FPAA to "tax matters partner".

It is necessary, nevertheless, to inquire further as to the consequences of the expiration of the statute of limitations vis-à-vis the untimely FPAA. The parties apparently take somewhat differing views as to the consequences.

To begin, we restate the well-established principle in deficiency cases that the assertion of the bar of the statute of limitations is an affirmative defense and not a jurisdictional question. In *Badger Materials, Inc. v. Commissioner,* 40 T.C. 1061, 1063 (1963), we said that "When such a defense in bar is properly raised, we must pass upon the merits of the issue after receiving evidence with respect thereto *and not dismiss for lack of jurisdiction.*" (Emphasis added.) To the same effect, see *Robinson v. Commissioner,* 57 T.C. 735, 737 (1972).

We can think of no reason why such a rule should not also apply in TEFRA partnership cases. In the situation where the statute of limitations has run its course by virtue of the fact that the deficiency notice was mailed after the statute expired,

the Court enters its decision of "no deficiency". Such a decision is consistent with section 7459(e), which provides:

SEC. 7459(e). EFFECT OF DECISION THAT TAX IS BARRED BY LIMITATION.—If the assessment or collection of any tax is barred by any statute of limitations, the decision of the Tax Court to that effect shall be considered as its decision that there is no deficiency in respect of such tax.

An order which simply dismissed a petition for lack of jurisdiction would, of course, lead to an immediate assessment of the tax, which would be the very antithesis of the result intended.

In our view, the same approach should be taken in the context of a TEFRA partnership proceeding. Thus, we believe it is appropriate that the Court enter a decision in response to the petition for readjustment that the adjustment of partnership items determined by respondent is disallowed. An order simply dismissing the action would impermissibly bring section 6226(h) into play. That section provides:

SEC. 6226(h). EFFECT OF DECISION DISMISSING ACTION.—If an action brought under this section is dismissed (other than under paragraph (4) of subsection (b)), the decision of the court dismissing the action shall be considered as its decision that the notice of final partnership administrative adjustment is correct, and an appropriate order shall be entered in the records of the court.

Thus, if an order of dismissal were entered, the Court's action could be misinterpreted as a decision that the FPAA is correct and the Commissioner may proceed toward assessment and collection of any tax related to partnership items. Such a result would be wholly inconsistent with a holding of no adjustment of partnership items as a result of the expiration of the statute of limitations.

The parties did not address the possibility that section 6226(d)(2) appears to proscribe the filing of a petition by a notice partner for the purpose of raising a statute of limitations defense. However, we have considered the application of section 6226(d)(2) to this case and conclude that it would not preclude petitioner from litigating a statute of limitations defense which is applicable to *all* partners due to respondent's failure to issue a timely FPAA.

The result we reach in this case is consistent with our holding in *Barbados #7 v. Commissioner,* 92 T.C. 804 (1989).

In that case the Commissioner mailed duplicate FPAAs, one to a bankrupt sole general partner that had been the TMP of several partnerships before its bankruptcy, and a duplicate generic FPAA simply addressed to "tax matters partner". Prior to the mailing of the duplicate FPAAs, but subsequent to the Commissioner's receiving notice of the bankruptcy, the putative bankrupt TMP had attempted to execute waivers on behalf of the partnerships extending the time within which the Commissioner could issue the FPAAs.

We held in *Barbados* #7 that the bankrupt TMP was without authority by reason of its bankruptcy to execute extensions of time on behalf of the partnerships, and instead of dismissing the petition for lack of jurisdiction, we granted summary judgment in favor of the partnerships. We think this is the appropriate action to take in the case before us.

For the reasons discussed above, we hold that the FPAA sent to Marlin, the bankrupt TMP, was sufficient to permit the Court to consider the parties' assertion of the bar of the statute of limitations. Since the period for assessment had expired at the time a copy of the FPAA was mailed to petitioner, it is untimely.

To reflect the foregoing,

> *An order will be issued vacating the denial of the participating partners' motion for summary judgement on all issues and reinstating and granting said motion.*