LEE ENTERPRISES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee Enterprises, Inc.
Docket No. 8744-90
United States Tax Court
T.C. Memo 1992-629; 1992 Tax Ct. Memo LEXIS 655; 64 T.C.M. (CCH) 1159; October 26, 1992, Filed *655 An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. For Petitioner: Thornton Hardie III and Margaret S. Alford. For Respondent: Richard D. Ames. COLVIN
COLVIN
MEMORANDUM OPINION COLVIN, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction and petitioner's cross-motion to dismiss for lack of jurisdiction, or in the alternative, for summary judgment. Respondent determined a $ 1,035,767.74 deficiency in petitioner's income tax for 1982. The issues for decision are: 1. Whether petitioner lacks capacity under Rule 60(c), and therefore cannot file a petition in this Court in response to the notice of deficiency. We hold that petitioner lacks capacity under Rule 60(c). 2. Whether the notice of deficiency is invalid because petitioner did not exist for any purpose when the notice of deficiency was issued. In light of our holding on the first issue, we do not reach this issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Background
Petitioner is a dissolved corporation previously organized under the laws of Texas. Petitioner's principal office *656 was in Arlington, Texas, before its dissolution. Petitioner sold substantially all of its assets to James H. Bockhaus (Bockhaus) on January 15, 1982. Immediately after the sale to Bockhaus, petitioner distributed the proceeds of the sale and its remaining assets to Sam W. Lee (Lee), petitioner's sole shareholder. Petitioner filed articles of dissolution with the Texas secretary of state, and was dissolved on April 30, 1983. Petitioner filed its corporate income tax return for 1982 on March 24, 1984. Respondent audited petitioner for 1982 and mailed the examination report to petitioner on May 12, 1986, proposing certain changes to petitioner's 1982 income tax liability, including the adjustments at issue here. On July 8, 1986, respondent requested that petitioner execute Form 872, an agreement to extend the period for assessment of tax to December 31, 1987. Lee, as petitioner's president, signed the form on July 17, 1986. Petitioner filed a written protest contesting the asserted adjustments on August 13, 1986. On June 16, 1987, respondent requested that petitioner execute another Form 872, extending the period for assessment of tax to June 30, 1988. Lee, as petitioner's *657 president, and Margaret B. Lee, as secretary-treasurer, signed it on July 15, 1987. Respondent asked Lee to sign a Form 2045, Transferee Agreement, under which Lee would assume any of petitioner's 1982 income tax liabilities. Lee signed the Form 2045 on October 6, 1987. On October 6, 1987, Lee, as transferee and at respondent's request, signed Form 977, Consent Fixing Period of Limitation on Assessment of Liability at Law or in Equity for Income, Gift, and Estate Tax Against a Transferee or Fiduciary, extending the statute of limitations against him to June 30, 1988. On December 21, 1987, at respondent's request, Lee, as president and Margaret B. Lee as vice president, signed a second Form 977, extending the period for assessment of tax to June 30, 1989. On December 11, 1987, respondent asked petitioner to sign a Form 872-A to extend the period for assessment of tax indefinitely. Lee signed the Form 872-A on January 5, 1988, as a corporate officer. He did not indicate any title. On May 30, 1989, Lee, as petitioner's president, signed a Form 1120X, Amended U.S. Corporation Income Tax Return, for 1982, claiming a $ 95,817 refund. On January 5, 1990, Lee sent respondent a Form *658 872-T, Notice of Termination of Special Consent to Extend Time to Assess Tax, terminating the Form 872-A he signed on January 5, 1988. Respondent received the Form 872-T on January 11, 1990. Lee signed the Form 872-T as a corporate officer. There is no other description of Lee's capacity at the time he signed the form and he did not specify a title. He dated the Form 872-T "1-5-89". The Notice of Deficiency was mailed on February 8, 1990. The petition was filed on May 7, 1990. Discussion
1. Petitioner's Capacity
Both parties contend that this Court lacks jurisdiction to decide this case. Petitioner argues that petitioner did not exist for any purpose when respondent issued the notice of deficiency on February 8, 1990. Respondent argues that petitioner lacks capacity under Rule 60(c), and that the issue of petitioner's capacity to file a petition in this Court must be decided before considering the validity of the notice of deficiency. Dillman Bros. Asphalt Co. v. Commissioner, 64 T.C. 793, 795 (1975). In Dillman Bros., we granted the Government's motion to dismiss for lack of jurisdiction because the taxpayer lacked capacity *659 under Wisconsin law, having ceased to exist before filing the petition. We stated: First, at this stage of this proceeding we are not concerned with the validity of the notice of deficiency issued to petitioner. We are concerned only with petitioner's capacity to institute this litigation. And, as we pointed out in Great Falls Bonding Agency, Inc., supra, dismissal of this case for lack of jurisdiction will not be the occasion for entry of a decision that petitioner is liable for the determined deficiencies. * * * Id. at 796. We conclude that we must decide the issue of capacity before considering the validity of the notice of deficiency. Rule 60(c) provides in pertinent part: (c) Capacity: * * * The capacity of a corporation to engage in such litigation shall be determined by the law under which it was organized. The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived. Thus, petitioner's capacity to sue in this Court is determined by Texas State law. If a petitioner lacks capacity, we must dismiss *660 the case for lack of jurisdiction. Brannon's of Shawnee, Inc. v. Commissioner, 71 T.C. 108, 111 (1978); Harold Patz Trust v. Commissioner, 69 T.C. 497 (1977); Condo v. Commissioner, 69 T.C. 149, 151, 156 (1977). Petitioner filed articles of dissolution with the Texas secretary of state and was dissolved on April 30, 1983. Under Texas law the existence of a corporation ceases upon the issuance of a certificate of dissolution, except for purpose of suits and other proceedings permitted by Texas law. Tex. Bus. Corp. Act Ann. art. 6.07 (West 1980). The dissolution of a corporation does not impair "any remedy available to or against such corporation, its officers, directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within three years after the date of such dissolution." Tex. Bus. Corp. Act Ann. art. 7.12 (West 1980). Administrative proceedings are included within the phrase "action or other proceeding." Reveille Tool & Supply, Inc. v. State, 756 S.W.2d 102, 103 (Tex. Ct. App. 1988). *661 [1] Petitioner was dissolved on April 30, 1983. Three years from that date is April 30, 1986. Respondent issued the 30-day letter on May 12, 1986, and petitioner filed a written protest contesting the asserted adjustments on August 13, 1986. More than 3 years elapsed between petitioner's dissolution and the issuance of the 30-day letter and filing of the written protest. We could speculate about what steps occurred in this matter before April 30, 1986. However, neither party presented any facts on this point, or argued that an administrative proceeding commenced within 3 years after petitioner's dissolution. Thus, we do not find that an action or other *662 proceeding began within the 3-year period after petitioner's dissolution. Southern Land, Timber & Pulp Corp. v. United States, 322 F. Supp. 788 (N.D. Ga. 1970) (dissolved corporation had no capacity where it failed to allege timely action or other proceeding). In its motion to dismiss for lack of jurisdiction petitioner alleges: 1. Petitioner was a Texas corporation that was dissolved on April 30, 1983. Petitioner ceased to exist for all purposes under the laws of the State of Texas after April 30, 1986. Thereafter, no person had any power or authority to act with respect to Petitioner's federal income tax liability. We conclude that petitioner lacked capacity under Rule 60(c). We reached the same result under similar facts in several cases. E.g., Bloomington Transmission Services, Inc. v. Commissioner, 87 T.C. 586 (1986); Padre Island Thunderbird, Inc. v. Commissioner, 72 T.C. 391 (1979); Great Falls Bonding Agency, Inc. v. Commissioner, 63 T.C. 304 (1974); see also Bahen & Wright, Inc. v. Commissioner, 176 F.2d 538 (4th Cir. 1949); *663 Bared & Cobo Co. v. Commissioner, 77 T.C. 1194 (1981) (dissolved Florida corporation retained capacity where notice of deficiency issued within 3 years of dissolution). Petitioner argues that the notice of deficiency is invalid under article 6.07 of the Texas Business Corporation Act and Badger Materials, Inc. v. Commissioner, 40 T.C. 725, modified 40 T.C. 1061 (1963). In Badger Materials, Inc. we applied a Wisconsin statute essentially identical to article 7.12 of the Texas Business Corporation Act except that it allowed 2 years instead of 3 to institute an action or other proceeding. Id. at 730-731. The taxpayer in that case was a Wisconsin corporation that was dissolved on November 4, 1957. We held that a dissolved corporation ceased to exist upon dissolution except for the institution of actions and other proceedings commenced within 2 years from the date of dissolution. Id. at 731. We clarified our holding in Badger Materials, Inc. v. Commissioner, 40 T.C. 1061, 1062 (1963), stating: It *664 then follows that no person had the capacity on August 31, 1960, to file the petition in Docket No. 88818 on behalf of the corporate petitioner. Accordingly, we hold that this Court does not have jurisdiction over Badger Materials, Inc. In so holding with respect to the jurisdictional matter, we need not determine whether the statutory notice of deficiency sent to the corporate petitioner was untimely and the assessment of the deficiencies barred by the statute of limitations. Thus, Badger Materials, Inc., does not support petitioner's argument. In view of our holding that petitioner lacks capacity under Rule 60(c), we also need not reach petitioner's alternative motion for summary judgment on grounds that the period of limitations for assessing tax had expired because Lee had no authority to sign agreements to extend time to assess. Id.
An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. Footnotes
1. See also Thomson Phosphate Co. v. Atlantic Coast Line R. Co., 282 F. Supp. 698 (S.D.N.Y. 1968); Midland Financial Corp. v. Wisconsin Dept. of Revenue, 110 Wis. 2d 261, 328 N.W.2d 866 (Ct. App. 1982), affd. 116 Wis. 2d 40, 341 N.W.2d 397↩ (1983).