T.C. Memo. 2001-305

UNITED STATES TAX COURT

BARRY L. MOORE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11675-00L.                    Filed November 27, 2001.

E. Kenneth Wall, for petitioner.

Taylor Cortright, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This matter is before the Court
on respondent's Motion for Partial Summary Judgment, as
supplemented, filed pursuant to Rule 121.[1]  Respondent contends

_____

    [1]  All Rule references are to the Tax Court Rules of
Practice and Procedure, and all section references are to the
Internal Revenue Code, as amended.

that petitioner received notices of deficiency for each of the taxable years 1987 and 1989 through 1995 and, therefore, that petitioner is precluded by statute from contesting his liability for the underlying taxes for those years in this collection review proceeding.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Rule 121 states that either party may move, with or without supporting affidavits, for a summary adjudication in the moving party's favor on all or any part of the legal issues in controversy if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Rule 121(d), which addresses the adverse party's response to a motion for summary judgment, states in pertinent part:

> When a motion for summary judgment is made and
> supported as provided in this Rule, an adverse party
> may not rest upon the mere allegations or denials of
> such party's pleading, but such party's response, by
> affidavits or as otherwise provided in this Rule, must
> set forth specific facts showing that there is a

> genuine issue for trial. If the adverse party does not
> so respond, then a decision, if appropriate, may be
> entered against such party.

King v. Commissioner, 87 T.C. 1213, 1217 (1986). The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the adverse party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). As explained in detail below, we shall grant respondent's motion.

I. Background

A. Notices Of Deficiency

1. 1987 and 1989

On September 11, 1991, respondent mailed to petitioner a notice of deficiency determining a deficiency of $12,680 in petitioner's Federal income tax for 1987 and additions to tax under sections 6651(a)(1) and 6653(a)(1)(A) and (B). Respondent mailed the notice to petitioner at 13931 N. Central Exp. 318, Dallas, Texas 75243-1099 (the N. Central address).

By letter dated October 30, 1991, petitioner wrote to respondent acknowledging receipt of the above-described notice of deficiency and citing the Uniform Commercial Code (UCC) for the proposition that "the Notice of Deficiency, a presentment on your behalf, is dishonored." Petitioner failed to file a petition with this Court challenging the notice of deficiency for 1987.

On April 22, 1992, respondent mailed to petitioner a notice of deficiency determining a deficiency of $15,494 in petitioner's Federal income tax for 1989 and additions to tax under sections 6651(a)(1) and 6654(a). Respondent mailed the notice to petitioner at the N. Central address.

By letter dated June 1, 1992, petitioner wrote to respondent acknowledging receipt of the above-described notice of deficiency and again citing the UCC for the proposition that "the Notice of Deficiency, dated April 22, 1992, a presentment on your behalf, is dishonored." Petitioner failed to file a petition with the Court challenging the notice of deficiency for 1989.

### 2. 1990 Through 1992

On February 2, 1995, respondent issued to petitioner (at the N. Central address) a so-called 30-day letter with respect to petitioner's tax liabilities for 1990 through 1992.

By letter dated February 17, 1995, John B. Kotmair, Jr. (Mr. Kotmair) of Westminster, Maryland, wrote to respondent challenging petitioner's tax liability for the taxable years 1990 through 1992.[2] Mr. Kotmair's letter listed petitioner's address as #43 Richardson Heights Village, Richardson, Texas 75080 (the Richardson Heights address). Mr. Kotmair's letter included as an attachment a copy of the above-described 30-day letter dated

---

[2] The gist of Mr. Kotmair's letter was that respondent lacked authority to examine the taxable years 1990 through 1992 because petitioner did not file income tax returns for those years.

February 2, 1995. Mr. Kotmair's letter also included as an attachment a document entitled "PRIVACY ACT RELEASE FORM AND POWER OF ATTORNEY", executed by petitioner under oath before a notary public on January 23, 1995, by which petitioner granted Mr. Kotmair the authority to "represent, inquire of and procure from the Internal Revenue Service any and all of the records, pertaining to income taxes that agency alleges I owe".[3] This latter document listed petitioner's address as the N. Central address.

By letter dated May 26, 1995, Mr. Kotmair wrote to respondent, again challenging petitioner's tax liabilities for 1990 through 1992 and referring to matters discussed at an Appeals Office conference conducted on May 19, 1995, concerning those liabilities.[4] This letter listed petitioner's address as the Richardson Heights address. Mr. Kotmair's letter included as an attachment a copy of the above-described 30-day letter dated February 2, 1995. Mr. Kotmair's letter also included as an attachment a second document entitled "PRIVACY ACT RELEASE FORM

---

[3] The above-described "PRIVACY ACT RELEASE FORM AND POWER OF ATTORNEY" identified John B. Kotmair, Jr., as a fiduciary for Save-A-Patriot Fellowship and stated that petitioner was a member of the group. Save-A-Patriot Fellowship has been identified as an organization that is opposed to the Federal income tax. See Save-A-Patriot Fellowship v. United States, 962 F. Supp. 695 (D. Md. 1996).

[4] The gist of Mr. Kotmair's letter was that petitioner, "a citizen of Texas living and working within its boundaries", is not subject to the Federal income tax.

AND POWER OF ATTORNEY", executed by petitioner under oath before a notary public on May 7, 1995. This latter document listed petitioner's address as the Richardson Heights address.

On October 25, 1995, respondent mailed to petitioner a notice of deficiency determining deficiencies in petitioner's Federal income taxes for 1990, 1991, and 1992, in the amounts of $16,605, $21,569, and $20,786, respectively, and additions to tax under sections 6651(a)(1) and 6654(a) for each of those years. Respondent provided the Court with U.S. Postal Service Form 3877 (certified mail list) showing that respondent mailed the foregoing notice to petitioner at the following three addresses: (1) the N. Central address; (2) the Richardson Heights address; and (3) 397 DalRich Village #291, Richardson, Texas 75080 (the DalRich Village address).[5] A copy of the notice was also mailed to Mr. Kotmair.

Respondent has no record that the notice of deficiency for 1990 through 1992 was returned to respondent by the U.S. Postal Service undelivered. Petitioner failed to file a petition with the Court challenging the notice of deficiency for 1990 through 1992.

_____

[5] Respondent erroneously stated in the supplement, filed Sept. 18, 2001, to his pending motion that the notice of deficiency for 1990 through 1992 was mailed to petitioner on Oct. 15, 1995. We rely on the postmark on U.S. Postal Service Form 3877 as proof that the notice was mailed on Oct. 25, 1995. See Magazine v. Commissioner, 89 T.C. 321 (1987). We note further that the notice itself is dated Oct. 25, 1995.

### 3. 1988 and 1993 Through 1995

On July 9, 1997, respondent mailed to petitioner a notice of deficiency determining deficiencies in petitioner's Federal income taxes for 1988, 1993, and 1994, in the amounts of $9,615, $24,730, and $27,424, respectively, and additions to tax under sections 6651(a)(1) and 6654(a) for 1993 and 1994.  On July 9, 1997, respondent also mailed to petitioner a notice of deficiency determining a deficiency in petitioner's Federal income tax for 1995 in the amount of $29,506 and additions to tax under sections 6651(a)(1) and 6654(a).  Both of the foregoing notices of deficiency were mailed to petitioner at the DalRich Village address.

On July 9, 1997, respondent mailed to Mr. Kotmair a copy of the two above-described notices of deficiency issued to petitioner.

By letter dated August 28, 1997, Mr. Kotmair wrote to respondent acknowledging that petitioner had received the notices of deficiency for 1988 and 1993 through 1995.  Mr. Kotmair's letter listed petitioner's address as the DalRich Village address.  Mr. Kotmair's letter included as an attachment a third document entitled "PRIVACY ACT RELEASE FORM AND POWER OF ATTORNEY", executed by petitioner under oath before a notary public on July 23, 1997.  This document listed petitioner's address as the DalRich Village address.  Petitioner failed to

file a petition with the Court challenging the notices of deficiency for 1988 and 1993 through 1995.

B.  Collection Procedures

On February 7, 2000, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing requesting that petitioner pay his delinquent taxes for the years 1987 and 1989 through 1995.[6]  Two days later, on February 9, 2000, respondent filed a Notice of Federal Tax Lien with Dallas County in Dallas, Texas, listing petitioner's tax liabilities for the taxable years 1993 through 1995.

On March 7, 2000, respondent received from petitioner a Form 12153, Request for a Collection Due Process Hearing, challenging respondent's levy notice for the taxable years 1987 and 1989 through 1995.  On March 20, 2000, respondent received from petitioner a second Form 12153, this one challenging respondent's lien notice for the taxable years 1993 through 1995.  Each of the Forms 12153 listed petitioner's address as the DalRich Village address.

On October 13, 2000, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Actions Under Section 6320 and 6330 stating that an administrative hearing was conducted on August 17, 2000, and that respondent would proceed with collection as set forth in the lien

_____

[6]  The disputed collection action does not include petitioner's tax liability for 1988.

and levy notices described above.

On November 14, 2000, petitioner filed with the Court a petition for review of respondent's determination to proceed with collection. The petition lists petitioner's address as the DalRich Village address in Richardson, Texas. The petition includes allegations that petitioner is not liable for the underlying taxes due to the expiration of the period of limitations for assessment and collection. Respondent filed an answer to the petition.

C. Respondent's Motion for Partial Summary Judgment

On June 1, 2001, respondent filed a Motion for Partial Summary Judgment asserting that petitioner received the notices of deficiency for 1987 and 1989 through 1995 and, therefore, that petitioner is precluded by statute from contesting his liability for the underlying taxes for those years in this proceeding. Respondent's motion, which was supported by attached exhibits A through J (the notices of deficiency issued to petitioner and petitioner's and Mr. Kotmair's written responses thereto) was duly served on petitioner's counsel. On June 4, 2001, the Court issued a Notice of Filing, directing petitioner to file an objection, if any, to respondent's motion by June 25, 2001.

On June 22, 2001, petitioner filed an objection to respondent's motion citing Rule 121(e) and stating that petitioner was unable to admit or deny the allegations in

respondent's motion because respondent did not provide petitioner's counsel with any of the pertinent documents in advance of filing the motion. By Order dated August 3, 2001, the Court notified the parties that respondent's motion would be called for hearing at the Court's motions session to be held in Washington, D.C., on September 5, 2001.

Counsel for both parties appeared at the aforementioned motions session and offered argument with respect to respondent's motion. During the hearing, the Court questioned petitioner's counsel whether petitioner denied that he actually received the notices of deficiency in question or that he authored the letters to respondent dated October 30, 1991, and June 1, 1992. The responses by petitioner's counsel to the Court's queries were evasive and coy. Consequently, the Court suggested that counsel obtain an affidavit from petitioner addressing the Court's queries. At the conclusion of the hearing, the Court orally directed the parties to file written supplements. The parties complied with the Court's Order.

Petitioner's written supplement includes assertions that respondent failed to establish that petitioner actually received the notices of deficiency and that respondent erred in mailing notices to the DalRich Village address, which petitioner asserts was an address for a Mail Boxes, Etc. business, instead of to petitioner's residential address (which petitioner failed to

specifically identify).  Petitioner failed to provide the Court with an affidavit denying the pertinent allegations set forth in respondent's motion.  See Rule 121(e).

II.  Discussion

Section 6321 provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the unpaid tax shall be a lien in favor of the United States upon all property and rights to property belonging to such person. Section 6322 provides that the lien imposed under section 6321 generally arises at the time of assessment.  However, section 6323 provides that the lien shall not be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until the Secretary files a notice of lien with the appropriate public official.  Section 6320(a) provides that the Secretary shall provide the person described in section 6321 with written notice of the filing of a notice of lien under section 6323, including notice of the administrative appeals available to the person.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the person. Section 6331(d) provides that the Secretary is obliged to provide the person with notice before proceeding with collection by levy

on the person's property, including notice of the available administrative appeals.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters.  These provisions generally provide that the Commissioner cannot proceed with the collection of taxes by way of a lien or levy on a person's property until the person has been given notice of, and the opportunity for, an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination in either the Tax Court or a Federal district court.

In Goza v. Commissioner, 114 T.C. 176 (2000), we explained that section 6330(c) provides for an Appeals Office hearing to address collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that neither the existence nor the amount of the underlying tax liability can be contested at an Appeals Office hearing unless the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.  The taxpayer

in Goza had received a notice of deficiency, yet failed to file a petition for redetermination with the Court. When the taxpayer subsequently attempted to use the Court's collection review procedure as a forum to assert frivolous and groundless constitutional arguments against the Federal income tax, the Court dismissed the petition for failure to state a claim upon which relief can be granted.

Based upon our review of the record in this case, we hold that there is no dispute as to a material fact and that respondent is entitled to partial summary judgment as a matter of law.

The record shows that petitioner wrote to respondent on October 30, 1991, and June 1, 1992, and acknowledged receiving the notices of deficiency for 1987 and 1989, respectively. Petitioner failed to affirmatively deny that he authored these letters. See Sego v. Commissioner, 114 T.C. 604 (2000).

The record also shows that respondent mailed duplicate original notices of deficiency for 1990 through 1992 by certified mail to petitioner's last known address, including the N. Central address, the Richardson Heights address, and the DalRich Village address.[7] Although petitioner did not write to respondent and acknowledge receipt of the notice of deficiency for 1990 through 1992, respondent has no record that such notice was ever returned

---

[7] In addition, a copy of the notice of deficiency was mailed to Mr. Kotmair.

to respondent undelivered.[8]  In addition, petitioner failed to affirmatively deny that he actually received the notice of deficiency for 1990 through 1992.

The record also shows that Mr. Kotmair wrote to respondent and confirmed that petitioner actually received the notices of deficiency for 1988 and 1993 through 1995.  These notices were mailed to petitioner at the DalRich Village address, the same address used by petitioner when he filed the petition in this case.  Petitioner failed to affirmatively deny that he actually received the notices of deficiency for 1988 and 1993 through 1995.

Petitioner failed to properly respond to respondent's Motion for Partial Summary Judgment.  In short, petitioner failed to allege specific facts showing that there is a genuine issue for trial regarding his receipt of the disputed notices of deficiency.  Rule 121(d).  In the absence of any allegation denying receipt of the notices of deficiency for 1987 and 1989 through 1995, the record establishes that petitioner actually received each of those notices.  Therefore, consistent with section 6330(c)(2)(B), petitioner is barred from contesting the existence or amount of his tax liabilities for 1987 and 1989

---

[8] The record also shows that by letters dated Feb. 17, 1995, and May 26, 1995, Mr. Kotmair wrote to respondent, acknowledging the 30-day letter for 1990 through 1992 and  challenging petitioner's tax liabilities for those years on the ground that petitioner is not a taxpayer who is subject to the Federal income tax.

through 1995 in this collection review proceeding.  See <u>Goza v.
Commissioner</u>, <u>supra</u>.

In particular, petitioner's claim that the period of
limitations for assessment and collection has expired for the
years in question represents an impermissible challenge to the
existence of the underlying tax liability.  Petitioner's claim
constitutes an affirmative defense that should have been raised
in a petition for redetermination filed pursuant to section
6213(a).  See Rule 39; <u>Badger Materials, Inc. v. Commissioner</u>, 40
T.C. 1061, 1063 (1963).  Consistent with section 6330(c), we hold
that petitioner may not raise such claim in this proceeding.

To reflect the foregoing,

<u>An appropriate order
will be issued granting
respondent's Motion for
Partial Summary Judgment</u>,
<u>as supplemented</u>.